### 20881

Ex parte Daniel R. McLeod, in his capacity as Attorney General of, and Chief Prosecuting Officer for, the State of South Carolina, In re Investigation of Allegations arising from irregularities alleged to have occurred in the Court of Magistrate, Margie CANNON in Charleston County of October 28, 1977.

(252 S. E. (2d) 126)

374

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen., Joseph R. Barker* and *Brian P. Gibbes,* Columbia, *for appellant.*

*Robert B. Wallace, Morris D. Rosen* and *George E. Campsen, Jr.,* Charleston, *for respondents.*

February 12, 1979.

LEWIS, Chief Justice:

This matter arises out of a request by the Attorney General of South Carolina that he, or his assistants, be permitted to appear before the grand jury for Charleston County for the purpose of presenting to that body evidence developed during an investigation into alleged improprieties of certain individuals in connection with a trial before a magistrate in Charleston.

The Attorney General conceiving that a proper consideration of the matter under inquiry by the grand jury required the assistance of his office and after first obtaining the permission of the Foreman of the grand jury to appear before that body for such purpose, requested the trial judge

to grant him, or his assistants, the right to enter the grand jury room for the purpose of assisting the grand jury in their investigation by examining witnesses and providing the grand jury with whatever legal advice that body might request. The Attorney General further requested that a court stenographer, after being sworn to secrecy, be present to record the testimony which would be sealed, subject to being made public only upon court order.

The lower court denied the request of the Attorney General that he, or his assistants, be permitted to enter the grand jury room for the purpose of examination and cross-examination of witnesses and that a court stenographer be present to record the testimony presented to the grand jury, but authorized the Attorney General to take the following actions in connection with the investigation:

(1) Submit to the grand jury either orally or in writing a full and complete statement of the investigation;

(2) Submit to the grand jury a full and complete summary of all the evidence;

(3) Submit to the grand jury evidence gathered during the investigation, such as documents, statements, tapes, pictures, etc.;

(4) Submit to the grand jury the names of individuals whom he feels should be questioned by the grand jury along with a summary of the testimony to be secured from the witnesses;

(5) Submit a list of questions that he feels the grand jury should ask the witnesses; and

(6) Submit, orally or in writing, a summary of his opinion of the law concerning the allegations of the investigation,

Pertinent portions of the order of the trial judge also stated:

Nothing in this order shall be construed as prohibiting consultation between the grand jury and representatives from the Attorney General's office even to the extent that

the grand jury may, during the course of the examination of a witness, recess and consult with representatives of the Attorney General's office.

The trial judge also ruled that individuals, who are called as witnesses before the grand jury and are identified from the allegations as potential defendants, should be fully advised of their right to counsel and their right to have counsel available to consult, not in the grand jury room, but during recess of the grand jury proceedings.

The Attorney General has appealed from only the rulings of the lower court which deny his request to enter the grand jury room for the purpose of examination and cross-examination of witnesses and to have a stenographer present to record the testimony taken before the grand jury. The remaining rulings of the trial judge are, theretofore, not before the court; are not involved in this appeal; and we indicate no opinion thereabout.

The sole questions presented are as follows:

Did the lower court err in denying the request of the Attorney General that he, or his assistants, be permitted to enter the grand jury room to examine and cross-examine witnesses before that body; and to allow the court stenographer to enter the grand jury room and transcribe the testimony heard by the grand jury?

The permitted scope of participation by the State's prosecutory staff in the proceedings of the grand jury must be determined in the light of the settled public policy of this State relative to the secrecy of the grand jury deliberations.

The Attorney General is made the chief prosecuting officer of the State by the following provisions of Article V, Section 20, of the South Carolina Constitution:

The Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record.

These duties as chief prosecuting officer of the State are performed by the Attorney General, not only through his immediate staff, but through his constitutional authority to supervise and direct the activities of the solicitors or prosecuting attorneys located in each judicial circuit of the State. Discussions, therefore, in our prior decisions concerning the authority or right of the solicitor to participate in the proceedings of the grand jury relate ultimately to such authority of the Attorney General.

The basic legal principles governing the operation of the grand jury in this State have become established over a period of many years. No principle has been followed more closely than that which protects the secrecy of the proceedings of the grand jury and was reaffirmed by this court in *Margolis v. Telch,* 239 S. C. 232, 122 S. E. (2d) 417. Margolis recognized the prior authority of *State v. Rector,* 158 S. C. 212, 155 S. E. 385, in which the following from Ruling Case Law was quoted with approval:

It has long been the policy of the law, in furtherance of justice, that the investigation and deliberations of a grand jury should be conducted in secret, and that for most intents and purposes all its proceedings are legally sealed against divulgence.

Adherence to the foregoing long established public policy has prohibited the prosecuting attorney from entering the grand jury room for the purpose of presenting evidence through the examination and cross-examination of witnesses. We adhere to the settled rule in this State that neither counsel for the State nor defense are allowed to be present in the grand jury room during the body's examination of witnesses and deliberations.

In arguing for an expanded role for the Attorney General in grand jury proceedings, the State attempts to distinguish most of this State's case law on the subject and relies on its interpretation of the English common law, the rules adopted in some of the other States, and certain Fed-

eral precedents. It is contended that the grand jury system presently employed in South Carolina is in need of revision. Admittedly, arguments that our present jury system is in need of revision in certain limited respects have some appeal. If, however, the fundamental principle of secrecy in grand jury proceedings as long followed in our prior decisions is to be changed, it should come as the result of a comprehensive study and evaluation of all facets of the question and not through a process of judicial erosion.

For the foregoing reasons, the presence or use of a court stenographer in proceedings before the grand jury is likewise not permissible.

The portion of the judgment under appeal is accordingly, affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.