21396

The STATE, Respondent, v. David Brian CAPPS, Appellant.

(275 S. E. (2d) 872)

**60**

*Chief Atty. John L. Sweeny* and *Staff Atty. Tara D. Shurling* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *State Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

February 24, 1981.

NESS, Justice.

Appellant David Brian Capps appeals from the order denying his motion to quash the indictments and his conviction for assault and battery with intent to kill and criminal sexual conduct in the first degree. We affirm.

■ The sole issue is whether the trial court erred in denying appellant's motion to quash all indictments because the assistant solicitor participated as a witness before the grand jury. We hold it did not.

In *Ex Parte McLeod, In Re: Investigation in Charleston Magistrate's Court,* 272 S. C. 373, 252 S. E. (2d) 126 (1979), this Court, in adhering to the rule that grand jury proceedings should remain non-adversarial, refused to permit the attorney general or his assistants to examine or cross-examine witnesses before the grand jury.

We did not address the issue of a solicitor appearing as a witness in a grand jury proceeding; therefore, we do so now.

In *State v. McNinch,* 12 S. C. 89 (1879), this Court held the solicitor has the right and duty to communicate with the grand jury relative to the manner in which they conduct their business and error is not presumed. Furthermore, the appellant cannot claim prejudice by the mere fact

evidence was presented by the prosecution. *State v. Bramlett,* 166 S. C. 323, 164 S. E. 873 (1932). In *State v. Williams,* 263 S. C. 290, 296, 210 S. E. (2d) 298 (1974), we held an indictment based upon hearsay was valid; citing *Costello v. U. S.,* 350 U. S. 359, 76 S. Ct. 406, 100 L. Ed. 397 (1956) in which the United States Supreme Court held, "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." The fact that an assistant solicitor was called by the grand jury as an invesigating witness did not render him legally incompetent nor was it an improper attempt to influence the grand jury. *People v. Bissonnette,* 20 Ill. App. (3d) 970, 313 N. E. (2d) 646 (1974).

Here, the only involvement of the assistant solicitor was to present a summary of the evidence in the case to the grand jury. The trial court held: (1) the solicitor did not examine or cross-examine any witnesses and was not present in the grand jury room during deliberations; (2) the appellant was not prejudiced by the solicitor's presence as a witness and there were no violations of appellant's constitutional rights. We agree and specifically hold that the only capacity in which an unauthorized person may be called before or attend a grand jury session is that of a witness during the actual taking of his own testimony. Here, the assistant solicitor was not present when the grand jury were deliberating or voting on the charge. 4 A. L. R. (2d) 392.

This Court shares with the nation's founders a concern that on occasions prosecuting officers will expand too far and abuse the powers granted to them. A grand jury is not a prosecutor's plaything and the awesome power of the State should not be abused but should be used deliberately, not in haste. A prosecutor should at all times avoid the appearance or reality of a conflict in interest with respect to his official duties.

The public policy of maintaining the secret and non-adversarial nature of grand jury proceedings was not violated by allowing the assistant solicitor to appear as a witness and present a summary of the evidence in this case. *Ex Parte McLeod, supra,* is distinguishable as the appearance of the assistant solicitor as a *mere witness,* in this case, did not constitute an improper influence on the grand jury. The practice of using a solicitor or other officer of the State, as the *sole* witness before the grand jury, to provide only a summary of the evidence could be abused and we strongly suggest it be abandoned unless no alternative is available.

We have examined the record and find no violation of appellant's rights and conclude the trial court did not err in denying appellant's motion to quash the indictments.

Appellant's remaining exceptions were not argued in his brief and are abandoned. *State v. Jones,* 273 S. C. 723, 259 S. E. (2d) 120 (1979).

Affirmed.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

This appeal concerns the presentation of evidence before the Grand Jury. I would reverse. The facts relevant to a disposition of this matter are undisputed.

The appellant was indicted and subsequently convicted of assault and battery with intent to kill and criminal sexual conduct in the first degree. He made pre-trial motions, one of which was a motion to quash his indictment because the assistant solicitor had participated in the Grand Jury meetings. The record before us indicates that the assistant solicitor involved in the indictment of the appellant appeared before the Grand Jury as a matter *routine* to provide, under oath, a summary of the evidence in cases he had been assigned for

prosecution. On the day of the appellant's indictment, the summary of some *twenty* (20) *cases* were presented. *No other witnesses were presented.* It is implicit in the record that the assistant solicitor also performed a prosecuting function before the indicting body.

On appeal, the State seeks to uphold the actions of the trial judge in denying the appellant's motion to quash by arguing that the prosecutor appeared as a witness and thus did not violate the previous precedent of this State. I disagree that his actions were proper.

The underlying premise to resolution of the appellant's challenge concerns the nature of the solicitor's involvement with the Grand Jury. I therefore initially focus my inquiry on this threshold question.

Two years ago, we were faced with the nature of permissible involvement of attorneys appearing in the prosecutorial role before the Grand Jury. See *Ex Parte McLeod v. Cannon,* 272 S. C. 373, 252 S. E. (2d) 126. In resolving the matter, we meticulously considered our precedents as well as the perceptions of treatise writers as to this Court's former holdings. Although we ultimately held that attorneys performing the prosecutorial function could not appear before the Grand Jury to examine and cross-examine witnesses, we noted the appeal of the Attorney General's position in that case for an expanded role for the State in Grand Jury proceedings. We suggested the pursuit of a comprehensive study and an ultimate revision in some limited respects of our present system. Since our entreaties for action, none have been forthcoming. Subsequently, I would, therefore, hold that the Court is compelled in the interests of justice to reevaluate the nature of permissible involvement by attorneys for the State.

My decision to reassess is additionally influenced by the significance of the right involved. Article I, § 11 of our State Constitution provides the foundation for Grand Jury indictments. It requires presentment as a condition precedent to

trial for the crime involved herein. *State v. Hann,* 196 S. C. 211, 12 S. E. (2d) 720. It is our duty to give this constitutional provision meaning.

I next consider the authorities concerning the solicitor's appearance before the Grand Jury.

38 Am. Jur. (2d) Grand Jury, § 35 has summarized the general rule as follows:

According to the general prevailing practice, the prosecuting officer may be permitted to attend the grand jury, or is required to do so, to aid in the examination of witnesses and advise the grand jury on questions of law. But he should not be present while the grand jury is deliberating on the evidence or is voting on a matter under investigation.

38 C. J. S. Grand Juries, § 40(b) articulates a similar general rule:

b. Prosecuting Attorneys

Except to the extent that there is a rule or statute otherwise, a prosecuting attorney, or his assistant or deputy, may appear before the grand jury and assist them in their investigation of the matter before them; but, ordinarily, he cannot be present, take part, or interfere with the grand jurors during their deliberations or voting.

4 A. L. R. (2d) *Indictment-Persons Before Grand Jury,* § 6, p. 400 has also attempted to crystalize the general rule:

The almost universal practice is for the prosecuting attorney to appear before the grand jury in his official capacity and assist them in their investigation, examining witnesses and advising the grand jury on questions of law; but he is not as a general rule permitted to be present during the deliberations and voting of the jury.

Based on the foregoing, it is evident that the position of our State is against the great weight of authority. Because of this and the pressing need for change as is evidenced by the

further deteriorating nature of the procedeings, I would retreat from our previous holding concerning prosecutors in *Ex Parte McLeod v. Cannon, supra.* Additionally, since our decision as to the presence of stenographers in *Ex Parte McLeod v. Cannon, supra,* was controlled by our holding regarding prosecutors, I would also retreat from our exclusion of stenographers.

I would, therefore, hold that an attorney for the State, the witness under examination, interpreters when needed and for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session; however, no person other than jurors may be present while the grand jury is deliberating or voting.

Having concluded that a solicitor may appear before the grand jury, I next direct my attention to the question of whether or not an indictment may be based solely on the testimony of a solicitor. I would hold as a general rule that it cannot.

This Court has long recognized the role of solicitors in the performance of their duty. It is the duty of a solicitor not to convict, but rather to see that justice is done; however, it is also the duty of the solicitor to prosecute vigorously. See *State v. Durden,* 264 S. C. 86, 212 S. E. (2d) 587. It is partly because of this role as advocate that he cannot also be a witness in a grand jury proceeding.

Ethical consideration 5—9 of our Code of Professional Responsibility provides:

The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

A federal court in *United States v. Alu,* 246 F. (2d) 29 (2d) Cir. 1957) succinctly recognized the pitfalls of the attorney who becomes a witness in a case in which he represents the litigants:

It has been widely recognized that lawyers representing litigants should not be called as witnesses in trials involving those litigants if such testimony can be avoided consonant with the end of obtaining justice. We believe that this prohibition is applicable to the United States Government and its attorneys as well as to private litigants and their attorneys. It is obvious that the opportunity for tailoring a witness's testimony to the needs of the Government's case is maximized if recourse is permitted to the testimony of an experienced trial attorney who is interested in the successful presentation of that case. Especially in criminal litigation, where so much is at stake for the defendant, must the Bench and Bar demand adherence to a principal that is designed to ensure objectivity in the presentation of evidence. 246 F. (2d) at 33.

The precedent of our State is consistent with the tenor of this approach. *State v. Lee,* 203 S. C. 536, 28 S. E. (2d) 402 involved an attempt by a criminal defendant to call the solicitor who was active in the prosecution of the case as a witness. Although his testimony was ultimately allowed, the caveat was added that the courts generally look with disfavor upon a prosecuting attorney's participation in a case as a witness for the state except under unavoidable circumstances. There is no contention in this case that such circumstances required the solicitor's testimony. Furthermore, the potential for abuse is even more prevalent in grand jury proceedings, than in a trial, because of its unilateral nature.

In addition to the inherent conflict between that of witness and advocate, I am also concerned by the authoritative credibility of a prosecutor. The grand jury may call upon the solicitor for instruction in the law and its ramifications. We have specifically indicated that on many occasions the solicitor has the right and the duty to communicate with the grand jury as to the manner in which the business in their hands is to be conducted. *State v. McNinch,* 12 S. C. 89. Considering the authoritative nature of such a relationship,

I think the testimony of the solicitor as a representative of the State would be too potent to allow as a general rule. As is indicative of the attorney-witness, the environment of one-sided proceedings before the grand jury increases the potential for abuse of the relationship and further heightens my concern.

Finally, I note the need for preserving public trust in the proceedings of the grand jury. *See U. S. v. Birdman,* 602 F. (2d) 547 (3rd 1979), cert. den. 444 U. S. 1032, 100 S. Ct. 703, 62 L. Ed. (2d) 668. Were we to allow a solicitor to merely "tell his story" by giving a summary of the evidence, the function of this constitutionally mandated body would soon be viewed by a justifiably skeptical public as a mere plaything of prosecutors. This would have a detrimental effect since it is only through strong public support that our system may continue to serve.

Therefore, I would hold that as a general rule an attorney performing a prosecutorial function may not additionally appear before the grand jury as a witness. While compelling reasons may dictate a rare exception be allowed to this general rule, I note no such showing in this case. The normal effort required in calling witnesses is insufficient. Since such evidence was the sole testimony in this case, it follows that the indictment should have been quashed. *See U. S. v. Treadway,* 445 F. Supp. 959.

I would additionally hold that the routine acquisition of an indictment based solely on hearsay evidence requires the indictment be dismissed. Therefore, even assuming the assistant solicitor could act as a witness, the motion should have been granted.

Our Court previously indicated in *State v. Williams,* 263 S. C. 290, 210 S. E. (2d) 298, an opinion which I authored, that an indictment based solely on hearsay evidence did not violate the constitutional requirement of a grand jury indictment as a condition precedent to trial in such a case.

However, it was never our intention or purpose to create a limitless haven for its routine use.

The deliberate use of hearsay testimony alone to obtain indictments is a questionable practice which seriously erodes the function of the grand jury. *See U. S. v. Gramolini*, 301 F. Supp. 39. It can be used to subject a defendant to the expense and humiliation of a public trial solely on the basis of evidence which is generally inadmissible in a trial.

In order to provide more than lip service to the constitutional provision here in question, I would hold that an indictment cannot, as a matter of course, be acquired solely on oral hearsay testimony. The routine practice of one individual appearing before the proceeding to give his "third hand" capsule version of facts which he has no direct knowledge without some other competent evidence, is insufficient.

The drafters of Article I, § 11 as well as those citizens who voted for its implementation clearly intended the right to a grand jury indictment to be meaningful because they incorporated it into such a solemn document, our State Constitution. The disposition I propose seeks to rekindle the spirit with which it was created.

I dissent.