21728

The STATE, Respondent, v. Stanley HODGE, Appellant.

(292 S. E. (2d) 600)

*Kenneth R. Young, Jr.*, Sumter, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. R. Kirk McLeod,* Sumter, *for respondent.*

June 10, 1982.

*Per Curiam:*

Appellant was convicted of conspiracy and accessory after the fact of a felony. Appellant's codefendant was convicted of receiving stolen goods, conspiracy, and accessory after the fact of a felony.

The evidence at trial was sufficient to show that the codefendants conspired to deal in stolen goods. No error of law affects appellant's conviction for conspiracy. We affirm the lower court's judgment on this charge.

With respect to the conviction as an accessory, the evidence indicated the codefendants dealt with a person who was trying to sell goods stolen, not by him, but by two others. In order to find that someone is an accessory after the fact of a felony, the felony must be complete, the accessory must have knowledge that the principal committed the felony, and the accessory must harbor or assist the principal felon. *State v. Nicholson,* 221 S. C. 399, 70 S. E. (2d) 632 (1952). Neither appellant nor his codefendant assisted the principal felons, that is, the persons who stole the goods. Therefore, the conviction as an accessory must be reversed.

We reverse the appellant's conviction as an accessory after the fact of a felony; otherwise, the judgment below is affirmed.