21802

The STATE, Respondent, McNeill FORD, Appellant.
(296 S. E. (2d) 866)

*S. C. Com'n of Appellate Defense*, Columbia, *J. Frank Looper*, Florence, and *John S. Trimper*, of *Brennan, McAliley, Hayskar, McAliley & Jefferson*, West Palm Beach, Fla., *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Sr. Asst. Atty. Gen Brian P. Gibbes*, Columbia, and *Sol. Dudley Saleeby, Jr.*, Florence, *for respondent.*

Nov. 1, 1982.

NESS, Justice:

Appellant McNeill Ford was convicted and sentenced to consecutive terms of twenty-five years for armed robbery and fifteen years for safecracking. We affirm the armed robbery conviction and reverse the safecracking conviction.

In the early morning hours of November 30, 1980, a man and woman entered the Swamp Fox Motel in Florence where a night auditor was on duty. Holding the night clerk at gunpoint, the pair stole a ring, approximately $220.00 in cash, and a safe.

Appellant asserts the trial court erred in admitting identification testimony from the night clerk and two witnesses.

A few hours after the crime, the night clerk and both witnesses viewed a photographic lineup at the sheriff's department. All three identified appellant's photograph. Approximately two months later, the night clerk viewed a physical lineup at which he again identified appellant as his assailant. All three witnesses identified appellant in court.

Appellant contends the photographic and physical lineups were unreliable and impermissibly suggestive because of minor discrepancies between the description the night clerk gave the police and appellant's actual appearance. The standard for determining the admissibility of pretrial identification is whether the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. *State v. Gambrell,* 274 S. C. 587, 266 S. E. (2d) 78 (1980).

The night clerk and the witnesses were each shown six photographs of persons matching appellant's general description. Likewise, at least four participants in the five-man physical lineup were a good match for appellant. We see nothing in these procedures impermissibly suggestive of appellant.

The reliability of the identifications is established by the circumstances. The night clerk observed his assailant at close range for seven to eight minutes in a well-lit room. Because he was a victim as opposed to a mere passerby, his degree of attention was presumably acute. He was positive of his identification, and the lineups were conducted soon after the crime.

One identification witness testified he observed appellant for approximately fifteen minutes in a well-lit service station, that he was attentive because of appellant's unusual behavior, and that he was positive of his identification. Clearly, these identifications were sufficiently reliable to submit to the jury. *State v. Stewart,* 275 S. C. 447, 272 S. E. (2d) 628 (1980); *State v. Jones,* 273 S. C. 723, 259 S. E. (2d) 120 (1979). The other identification witness had less opportunity for observation and was less sure of her identification. However, her testimony, if unreliable, was merely cumulative and thus harmless. *State v. Thompson,* 276 S. C. 616, 281 S. E. (2d) 216 (1981).

Appellant argues he was denied his right to counsel at the physical lineup because (1) the State failed to provide counsel with a copy of the night clerk's description of his assailant prior to the lineup, and (2) the night clerk refused to be interviewed by counsel following the lineup.

Counsel is required at a lineup primarily to observe any suggestive influences to enable him to effectively reconstruct the lineup for the jury at trial. *United States v. Ash*, 413 U. S. 300, 93 S. Ct. 2568, 37 L. Ed. (2d) 619 (1973). Here, appellant's attorney was present at the lineup and observed the entire procedure. At trial, appellant had ample opportunity to cross-examine witnesses about the night clerk's description of his assailant and attack the credibility of the identifications. Appellant's counsel had sufficient opportunity to observe the lineup to ensure effective assistance of counsel at trial.

In view of the constitutional validity of the pretrial identifications, the in-court identifications were so properly admitted. *State v. Jones*, supra.

Finally, appellant maintains the trial court erred in failing to grant his motion for directed verdict on the safecracking charge. We agree.

S. C. Code Ann. § 16-11-390 (1976) provides:

"Any person convicted of using *explosives, tools or any other implements* in or about a safe used for keeping money or other valuables with intent to commit larceny or any other crime shall be guilty of a felony . . ." (Emphasis added).

The statute unambiguously singles out for special punishment those who use "explosives, tools or any other implement" in or about a safe. There is no evidence in this record that any explosives, tools or other implements were used. The State having failed to prove an essential element of the crime, appellant's motion for directed verdict should have been granted.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.