21960

The STATE, Respondent, v. Louise C. WHITTED, Appellant.

(305 S. E. (2d) 245)

*Jerry L. Taylor* and *Stephen J. Henry*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Carolyn M. Adams*, Columbia, and *Sol. William B. Traxler, Jr.*, Greenville, *for respondent.*

July 19, 1983.

GREGORY, Justice.

Appellant Louise C. Whitted was indicted for murder, accessory before and accessory after the fact to murder, and conspiracy to commit murder. She was found guilty of murder and conspiracy to commit murder. We affirm.

Appellant first contends the trial judge erred in refusing to require the State to disclose whether evidence allegedly favorable to appellant was presented to the grand jury, particularly, exculpatory statements made by appellant. We disagree.

Investigations and deliberations of a grand jury are conducted in secret and are, as a rule, legally sealed against divulgence. *Ex parte McLeod: In Re Cannon*, 272 S. C. 373, 252 S. E. (2d) 126 (1979). Changing the fundamental principle of secrecy "should come as the result of a comprehensive study and evaluation of all facets of the question and not through a process of judicial erosion." *Id.* at 128. We find no error.

Appellant next contends the trial judge should have quashed the indictments against her because the sole witness testifying before the grand jury was a sheriff's deputy. Appellant relies on *State v. Capps*, 276 S. C. 59, 275 S. E. (2d) 872, 873 (1981), where this Court stated:

> The practice of using a solicitor or other officer of the State, as a *sole* witness before the grand jury, to provide only a summary of the evidence could be abused and we strongly suggest it be abandoned unless no alternative is available.

That "suggestion," however, did not contemplate and should not be construed to prohibit the investigative officers, such as the sheriff's deputy was in this case, from appearing as the sole witness before the grand jury. Again, we find no error.

Appellant argues the trial judge erred in refusing to accept her plea of guilty to accessory after the fact to murder.

One element of accessory after the fact is the absence of the accused at the scene of the crime — the accused's involvement begins after the crime is accomplished. Appellant's counsel candidly admitted at oral argument he would have moved to have the murder charge dismissed if the judge accepted appellant's plea of guilty to accessory after the fact since her absence at the commission of the murder might bar prosecution for murder. Apparently, that is what the trial judge was trying to prevent.

When an accused is indicted on several counts, one of which might bar prosecution of the others should the accused plead

guilty to that count, the trial judge is not required to accept the plea. An accused has the right to trial by an impartial jury. United States Constitution, Article III, Section 2 and Sixth Amendment; South Carolina Constitution, Article I, Section 14. Conditioning a waiver of this right on the consent of the prosecutor and the trial judge would create no constitutional impediment since the result of their refusal to consent is that the accused is subject to trial by an impartial jury — that which he is constitutionally guaranteed. This exception is without merit.

Appellant argues the trial judge erred in instructing the jury to consider the murder count first and if they found appellant guilty, they need not consider the accessory counts, but if they found her not guilty, then they would consider the accessory counts. Appellant objected at trial on a ground different from that argued on appeal; therefore, this argument is not properly before the Court. We have considered the matter, however, and find no error. We think the trial judge was justified in preventing the jury from needlessly considering the charges of accessory before and after the fact to murder if they found appellant guilty of murder. *See Lamar v. State,* 243 Ga. 401, 254 S. E. (2d) 353 (1979).

Appellant's remaining exceptions do not comply with Rule 4(6) of this Court's Rules of Practice. However, we have considered them and find no errors of law, thus, affirm these issues under Rule 23 of this Court's Rules of Practice.

Accordingly, we affirm.

NESS and HARWELL, JJ., and FRANK EPPES, Acting Associate Justice, concur.

LEWIS, C. J., concurs in result.