1875

The STATE, Respondent v. Charles ANDERSON, Appellant.

(422 S.E. (2d) 161)

Court of Appeals

*Chief Attorney Daniel T. Stacey,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.,* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard Aug. 25, 1992; Decided Oct. 5, 1992.

Reh. Den. Nov. 5, 1992.

SHAW, Judge:

Appellant, Charles Anderson, was convicted by a jury of distribution of crack cocaine and sentenced to twenty years in prison. He appeals. We affirm.

Appellant raises three issues on appeal. He contends the trial court erred in (1) overruling his motion to quash the indictment where the assistant solicitor was the sole witness before the grand jury, (2) overruling his double jeopardy motion where the prior mistrial resulted from a violation by a state witness of the court's instruction to limit testimony, and (3) failing to suppress the identification of appellant where the procedure used was in violation of his due process rights.

We first address the issue of the indictment. Appellant moved to have the indictment quashed on the ground that the assistant solicitor was the sole witness before the grand jury, a practice disapproved of by our Supreme Court. The trial judge denied the motion, agreeing that the practice was frowned upon, but finding no bar to it. We agree with the trial judge and therefore affirm this issue.

In *State v. Capps,* 276 S.C. 59, 275 S.E. (2d) 872 (1981), our Supreme Court found no error in the trial judge's refusal to quash the appellant's indictments where the assistant solicitor appeared as a witness and presented a summary of evidence to the grand jury. The court found the public policy of maintaining the secret and non-adversarial nature of grand jury

proceedings was not violated in such a situation. The court also noted that the practice of using a solicitor or other officer of the state as the sole witness before the grand jury to provide a summary of evidence should be abandoned unless no alternative is available. Later, in the case of *State v. Williams*, 280 S.C. 305, 312 S.E. (2d) 555 (1984), the Supreme Court found, on the authority of *Capps* and without discussion, no error in the trial court's denial of the appellant's motion to quash his indictment where a solicitor was the sole witness before the grand jury. In the 1989 case of *State v. Dawkins*, 297 S.C. 386, 377 S.E. (2d) 298 (1989), the Supreme Court again addressed this issue, quoting its warning from *Capps* discouraging the practice of using a solicitor or other state officer as the sole witness before a grand jury, but cited *Williams* stating "this does not necessarily mean that it is error for a solicitor to be the sole witness before the grand jury." The court went on to find the motion to quash was properly denied under the facts of that case.

Clearly, the Supreme Court has strongly indicated its disapproval of the practice of using a solicitor as the sole witness before the grand jury to obtain an indictment. However, it is equally clear that the court, although it has had several opportunities, has yet to outright bar this procedure or find such a practice necessitates an indictment be quashed. *Williams* evidences a clear reluctance to quash an indictment for such a practice. *Dawkins*, on the other hand, appears to leave open the possibility that some situations may warrant such action. However, it is not up to this court to make such a determination. Because of the clear indication in *Williams* and the ambiguity in *Dawkins*, we are required to find no error in the denial of appellant's motion to quash. If, and under what circumstances, teeth should be given to the admonition set forth in *Capps* is a question for our Supreme Court.

Appellant next contends the trial judge erred in overruling his double jeopardy motion arguing that prosecution should have been barred because he was previously goaded into moving for a mistrial. The record reveals that appellant's first trial two weeks earlier ended when the trial judge granted appellant's motion for a mistrial. Appellant's counsel indicated that at the first trial, following pretrial motions, the trial judge directed prosecution witness

Keel not to say that appellant was "a target of the investigation and that he had seen him other times." However, in response to the second question, "What were you doing on the specific date alleged in the indictment?" Keel, the first witness called by the state, responded, "I was working a drug investigation into a known drug dealer, Charles Anderson, who we had targeted."[1]

Appellant contends, under the United States Supreme Court case of *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed. (2d) 416 (1982), double jeopardy should apply to bar retrial because he was goaded into moving for a mistrial when Keel deliberately violated the trial court's order. We disagree.

In *Oregon v. Kennedy,* the court stated the following:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, *does not bar retrial absent intent on the part of the prosecutor* to subvert the protections afforded by the Double Jeopardy Clause.

> \* \* \* \* \*

> Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.
> 456 U.S. at 675, 676, 102 S.Ct. at 2088, 2089.
> (Emphasis added.)

> \* \* \* \* \*

> [T]he circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. 456 U.S. at 679, 102 S.Ct. at 2091.

In the case at hand, not only is there no evidence that the solicitor intended to "goad" or "provoke" appellant into moving for a mistrial, there is not even any indication of over-

---

[1] The transcript from the first trial is not included in the record before us but the state does not dispute this assertion.

reaching on the part of the state such that the intent of the solicitor comes into question. It does not appear the solicitor framed his question in such a manner as to elicit a response specifically barred by the court such that appellant was forced to move for a mistrial. Further, the error occurred on the second question asked of the state's first witness, and appears to have resulted solely from the witness' failure to follow the judge's instruction, not from any prosecutorial conduct aimed at terminating the trial. Accordingly, we find the trial judge properly denied appellant's motion to bar prosecution.

Finally, appellant asserts the trial judge erred in failing to suppress the pretrial and in-court identification as violative of his due process rights. We disagree.

Keel is a trained military law enforcement officer of 22 years. At the time, he was with the criminal investigation division at Fort Jackson but was working with the Richland County Sheriff's Department as an undercover agent in an attempt to obtain an introduction to Charles Anderson and make a controlled drug purchase. The transaction was arranged by Keel's informant, Pratt, who testified she had known appellant all of her life. On March 29, Keel, accompanied by Pratt, made a purchase at the direction of Agent Folk with the Sheriff's Department. Folk was already familiar with appellant and after the transaction took place, pulled a picture of Charles Anderson and requested a photo line-up from the forensic lab. On April 5, Folk handed Keel a closed folder containing a six person photo line-up and told him to "pick out the person you bought the drugs from." Folk did not mention Charles Anderson, tell Keel Anderson was in the photo line-up, or suggest to Keel in any way which photo to choose. Keel immediately chose the picture of appellant.

Reliability is the linchpin in determining the admissibility of identification testimony. Factors to be considered include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. (2d) 140 (1977).

The present case differs substantially from *Manson v. Brathwaite* in so far as, there, the prosecution acknowledged that because only one photograph was used, the procedure was suggestive. 432 U.S. at 109, 97 S.Ct. at 2250. The court noted it would have been better if a photographic array including a reasonable number of persons similar to any person then suspected had been included in the array and that use of such a procedure would have enhanced the force of the identification at trial and avoided the risk that the evidence would be excluded as unreliable. 432 U.S. at 117, 97 S.Ct. at 2254. This is exactly the procedure followed in the case at hand.

However, appellant contends the identification procedure was suggestive because Folk told Keels to pick out the individual he purchased the drugs from, thus strongly implying the perpetrator was in the line-up he prepared. We do not agree that such a statement made the procedure suggestive. Quite obviously, a witness is going to understand the reason he is asked to study a photographic array. Further, we do not find the procedure "so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *State v. Ford*, 278 S.C. 384, 296 S.E. (2d) 866 (1982). Finally, in considering the factors set forth in *Manson v. Brathwaite*, we find, under the totality of the circumstances, that the identification was reliable. *See State v. Drayton*, 293 S.C. 417, 361 S.E. (2d) 329 (1987).

Affirmed.

CURETON, J. and LITTLEJOHN, Acting J., concur.