23975

STATE of South Carolina, Respondent v. Charles ANDERSON, Petitioner.

(439 S.E. (2d) 835)

Supreme Court

*Chief Atty. Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.,* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard Oct. 6, 1993.

Decided Dec. 20, 1993.

*Per Curiam:*

The previous opinion filed *State v. Anderson,* Memorandum Opinion No. 93-MO-324, filed November 2, 1993, is withdrawn and the below opinion substituted.

This Court granted certiorari to review the Court of Appeals' decision in *State v. Anderson,* — S.C. —, 422 S.E. (2d) 161 (Ct. App. 1992). The sole issue on appeal is whether the Court of Appeals erred in affirming petitioner's conviction when the only witness before the grand jury was an assistant solicitor. We reverse and remand.

Petitioner was tried on October 22, 1990, before a judge and jury for distribution of crack cocaine. Petitioner was convicted and sentenced to imprisonment for twenty years. His direct appeal was affirmed by the Court of Appeals.

Prior to trial in this case, the petitioner moved to quash the indictment on the ground that the solicitor was the sole witness before the grand jury. The assistant solicitor responded to the motion as follows:

> I would also agree ... that the particular case [*State v. Capps,* 276 S.C. 59, 275 S.E. (2d) 872 (1981)] did say they frowned upon it. They did not however, bar it. It has always been the practice of our office to do that. I think other Solicitors' Offices do that as well. But that was

nothing—that case did not say that we could not do it, they said they didn't like it.

The trial judge denied the motion to quash, stating, "I do think the Supreme Court has pretty strongly indicated that they do not approve and certainly prefer another method. I don't think they have made it clear that that is inherently error in the cases and I will still deny the motion at this time."

In *State v. Capps, supra,* a majority of this Court strongly disapproved of the practice of a solicitor appearing as the sole witness before a grand jury unless *no other alternative was available* (emphasis added), but did not prohibit the practice. Chief Justice Lewis dissented in that case, stating that an indictment should not be based solely on the testimony of a solicitor. He reasoned that considering the authoritative nature of the relationship between a solicitor and the grand jury, the lone testimony of the solicitor as a representative of the State would be too potent to allow as the general rule.

In *State v. Dawkins,* 297 S.C. 386, 377 S.E. (2d) 298 (1989), it was held that quashing the indictment was unnecessary based on the facts of that case. However, the holding in *Capps* was reiterated and prosecutors were again cautioned to avoid the practice of appearing as the sole witness before the grand jury.

Because of the uncertainty and confusion that is taking place at all levels of the judiciary regarding this issue, we take this opportunity to explicitly prohibit the practice of prosecutors appearing as the sole witness before the grand jury. As with any creation of a new liability where formerly there was none, this rule must be applied prospectively. *Douglass v. Florence General Hospital,* 273 S.C. 716, 259 S.E. (2d) 117 (1979).

The judgment of the lower court refusing to quash the indictment is accordingly reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.