495 S.E.2d 202

**The STATE, Respondent,**

v.

**Russell COLLINS, Appellant.**

**No. 24734.**

Supreme Court of South Carolina.

Heard Oct. 21, 1997.
Decided Jan. 5, 1998.

24

M. Anne Pearce of the South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General John P. Riordan, Columbia, and Solicitor Wade S. Kolb, Sumter, for respondent.

WALLER, Justice:

Appellant, Russell Collins, was convicted of accessory after the fact of murder. We reverse.

## FACTS

On July 25, 1990, James "Buster" Osborne was shot and killed while working at his Greeleyville convenience store in Williamsburg County. Collins, who lived down the street from the store, gave two different versions of the shooting. In one version, he and his friend, Keith Houston, stopped at the store to buy snacks for work the next morning. As they drove up, they heard a gunshot and saw a man run out from the store putting what appeared to be a gun in his pocket. They went in and found Osborne had been shot; Collins ran to his uncle's house next door and advised Osborne had been shot.

In his second version, Collins told police he and Houston had gone into the store to buy snacks when, unbeknownst to Collins, Houston pulled out a gun, demanded money, and shot Osborne. Collins maintained he had not known the shooting was going to occur and had not participated in the crime. Nonetheless, and notwithstanding his claim that he was unaware Houston planned to rob and shoot Osborne, Collins "covered" for him. Collins told police he was scared and Houston had convinced him he needed to make up a story, "cause if you don't, then you gone go to jail too, cause you know they gone say you helped me do it. I'm a say you helped me do it."

Collins was indicted for attempted armed robbery, murder, possession of a weapon during a violent crime and accessory after the fact of murder. At the close of the State's case, the trial judge granted a directed verdict on all charges except accessory after the fact of murder. The jury convicted him of this charge, and he was sentenced to 15 years.

## ISSUE

Was Collins entitled to a directed verdict since the only evidence of his guilt showed he was present at the time of the shooting and therefore, under existing South Carolina law, could not be guilty as an accessory after the fact?

## DISCUSSION

Historically, the elements of accessory after the fact of a crime have been: (1) the felony has been completed; (2) the

accused must have knowledge that the principal committed the felony; and (3) the accused must harbor or assist the principal felon. *State v. Hodge,* 278 S.C. 110, 292 S.E.2d 600 (1982), *cert. denied,* 459 U.S. 910, 103 S.Ct. 217, 74 L.Ed.2d 172 (1982); *State v. Nicholson,* 221 S.C. 399, 70 S.E.2d 632 (1952). However, in *State v. Plath,* 277 S.C. 126, 284 S.E.2d 221 (1981) *cert. denied* 467 U.S. 1265, 104 S.Ct. 3560, 82 L.Ed.2d 862 (1984), a defendant charged with capital murder asserted error in the trial court's refusal to charge the jury on accessory after the fact. Citing the elements of *State v. Nicholson, supra,* this Court stated, "[t]he **accessory's absence at the time the crime was actually committed is necessarily implied from the above definition and is an essential element of the offense.**" 277 S.C. at 139, 284 S.E.2d at 228 (emphasis supplied).

Subsequent to *Plath,* in *State v. Whitted,* 279 S.C. 260, 262, 305 S.E.2d 245, 246 (1983), we reiterated that "one element of accessory after the fact is the absence of the accused at the scene of the crime—the accused's involvement begins after the crime is accomplished." [1] Most recently, in *State v. Hudgins,* 319 S.C. 233, 460 S.E.2d 388 (1995) *cert. denied* 516 U.S. 1096, 116 S.Ct. 821, 133 L.Ed.2d 764 (1996), we stated that since the appellant therein admitted being present when the murder was committed, he was not entitled to a charge on accessory after the fact.

It is clear from a reading of *Plath, Hudgins,* and *Whitted* that the result in those cases was based on the fact that there was evidence adduced at trial which demonstrated **participation** in the actual commission of the substantive offense of murder.[2] There is, however, a distinction between being

**1.** The *Whitted* Court, finding evidence to support either murder or accessory, rejected the defendant's claim that the trial court was required to accept her plea to accessory after the fact. However, nothing in the opinion indicates that the only evidence was that the defendant was "merely present" but not participating in commission of the crime.

**2.** In *Plath,* the statement of facts specifically indicates that "[a]ll four persons [including Plath] at one time or another participated in the physical abuse of the victim." 277 S.C. at 131, 284 S.E.2d at 224. Again, in *Hudgins,* this Court's statement of facts indicates the defendant confessed to being the triggerman, and "admitted to stealing the truck and being involved in a series of unlawful acts which culminated

present and **participating** in the crime, and being **merely present** during commission of the crime.

As noted by McAninch and Fairey, *The Criminal Law of South Carolina*, p. 368 (3rd Ed.1996), "[i]t is entirely conceivable that one could be present at the scene of a crime committed by another, without any prior or contemporary contact with or encouragement of the other in the criminal activity but subsequently offer such assistance as would render him an accessory after the fact." *See also* 1 *Wharton's Criminal Law*, § 33, pp. 197–98 (15th Ed.1993) (although an accessory is not ordinarily present when the felony was committed, his absence is not required. Thus a person who was present when a felony was committed, but in no way aided or abetted its commission—and hence did not qualify as a principal ... may become an accessory after the fact by rendering aid to the felon thereafter in order to facilitate his escape); *State v. Hawkins*, 326 Md. 270, 604 A.2d 489 (1992) (one who, although present at the time of the commission of a felony, takes no action sufficient to constitute that person being a principal may nevertheless be an accessory after the fact if he subsequently assists the felon with the intent to hinder the felon's detection); *Buckley v. State of Mississippi*, 511 So.2d 1354, 1358 (Miss.1987); *Walker v. State*, 246 Ind. 386, 204 N.E.2d 850 (1965) *cert. denied* 382 U.S. 991, 86 S.Ct. 569, 15 L.Ed.2d 478 (1966); *Smith v. United States*, 306 F.2d 286 (D.C.Cir. 1962).

We concur with the law espoused by these authorities. It is untenable to suggest that a defendant who is "merely present" at the scene of a crime may not be convicted as an accessory if he thereafter aids the perpetrator to cover it up or escape from the crime. The mere fact of one's "presence" at the time of commission of the substantive offense is insufficient to relieve him of liability as an accessory. Accordingly, we modify existing case law to recognize that **absence** is not an essential element of the offense of accessory after the

---

in the murder." 319 S.C. at 237, 460 S.E.2d at 390. Under these facts, it is clear that, if guilty at all, Plath and Hudgins were guilty as principals.

fact and that "mere presence" at the scene will not preclude an accessory verdict where the defendant becomes involved **after** commission of the substantive offense. To the extent *Plath, Whitted,* and *Hudgins* are inconsistent with this modification, they are overruled.[3]

However, under the law as set forth in *Plath, Hudgins,* and *Whitted,* the only evidence of Collins' guilt indicates he was, in fact, present at the time the murder was committed. As "absence" was an essential element of the crime of accessory after the fact of murder at the time the crime was committed here, Collins was entitled to a directed verdict.[4] Accordingly, his conviction for accessory after the fact of murder is

REVERSED.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

---

3. We granted the State's petition to argue against the precedent of *Plath, Hudgins,* and *Whitted.*

4. To apply a new rule altering the elements of the offense to Collins would result in an *ex post facto*/due process violation. *See Griffin v. State,* 315 S.C. 285, 433 S.E.2d 862 (1993) *cert. denied* 510 U.S. 1093, 114 S.Ct. 924, 127 L.Ed.2d 217 (1994); *Elmore v. State,* 305 S.C. 456, 409 S.E.2d 397 (1991) (change in law which alters elements of offense or increases punishment results in *ex post facto* violation). Although the *ex post facto* clause itself does not apply to actions of the judicial branch, judicial decisions applied retroactively can violate the Due Process Clause. An unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law. *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Judicial action may not retroactively subject action to criminal prosecution. *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) Prospective application should be afforded a new rule of criminal procedure which is a "clear break" from earlier precedent. *United States v. Johnson,* 457 U.S. 537, 549–51, 102 S.Ct. 2579, 2587, 73 L.Ed.2d 202 (1982), citing *Desist v. United States,* 394 U.S. 244, 248–49, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248 (1969).