THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
 THE STATE OF SOUTH CAROLINA
 
In The Supreme Court
 
 
 
 
 Jimmy Dean Jones, Petitioner,
 
 
 
 
 v.
 
 
 
 
 State of South Carolina, Respondent.
 
 
 
 
 
 ON WRIT OF CERTIORARI
 
 Appeal From Spartanburg County
  Donald W. Beatty, Plea Judge
 J. Derham Cole, Post-Conviction Relief Judge
 
 Memorandum Opinion No. 2004-MO-060
 Submitted October 20, 2004  Filed November 11, 2004
 
 VACATED
 
 
 
 
 
 Assistant Appellate Defender Aileen P. Claire, of the South Carolina Office of Appellate Defense, for Petitioner.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General Douglas E. Leadbitter, of the Office of the Attorney General, for Respondent.
 
 
 
 
 
 PER CURIAM:  Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).  We grant the petition, dispense with further briefing, and vacate petitioners guilty plea to accessory after the fact to burglary second (accessory after the fact).
 Petitioner pled guilty to accessory after the fact and was sentenced to a term of imprisonment of five years provided that upon service of two years the balance was suspended with probation for three years.  No direct appeal was taken.  Petitioners PCR application was dismissed following an evidentiary hearing.  He now, for the first time on appeal, contends the circuit court did not have subject matter jurisdiction to accept his guilty plea because he was indicted for second degree burglary and accessory after the fact is not a lesser included offense of second degree burglary.  We agree.  
 Lack of subject matter jurisdiction can be raised at any time, including for the first time on appeal to this Court.  State v. Funderburk, 259 S.C. 256, 191 S.E.2d 520 (1972).  A circuit court has subject matter jurisdiction if there has been an indictment that sufficiently states the offense, there has been a waiver of indictment, or the charge is a lesser included offense of the crime charged in the indictment.  Locke v. State, 341 S.C. 54, 533 S.E.2d 324 (2000).  The test for determining if a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense.  Knox v. State, 340 S.C. 81, 530 S.E.2d 887 (2000).  

 Petitioners indictment for second degree burglary stated petitioner did in Spartanburg County on or about July 14, 1998 willfully and unlawfully enter without consent and with the intent to commit a crime therein, a building to wit: The building of Z.L. Madden Elementary School, 459 West Centennial, Spartanburg, South Carolina, and the defendant did enter in the nighttime.  The elements of accessory after the fact are: (1) the underlying felony has been completed; (2) the accused had knowledge that the principal committed the felony; and (3) the accused harbored or assisted the felon.  State v. Hodges, 278 S.C. 110, 292 S.E.2d 600 (1982).
 The indictment for second degree burglary does not include any of the necessary elements of accessory after the fact.  Accordingly, accessory after the fact is not a lesser included offense of second degree burglary, and in the absence of a waiver of indictment for that charge the circuit court did not have subject matter jurisdiction to accept petitioners guilty plea to accessory after the fact.  We vacate petitioners guilty plea to accessory after the fact. 
 VACATED.
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.