**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Montrell Graham, Appellant.

Appellate Case No. 2020-000250

---

Appeal From Chester County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-411
Submitted November 1, 2021 – Filed November 17, 2021

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** Montrell Graham appeals his conviction for accessory after the fact to the commission of a felony and sentence of fifteen years' imprisonment,

suspended upon the service of five years' imprisonment and five years' probation.[1] On appeal, Graham argues the trial court erred by failing to (1) grant his motion for a directed verdict and (2) allow him to impeach the victim with a prior conviction. We affirm.

1.  Viewing the evidence in the light most favorable to the State, Daverican Gregory's testimony and Graham's statement to police reasonably tended to prove Graham's guilt.  Thus, the trial court did not err by denying Graham's motion for a directed verdict.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the state."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. Collins*, 329 S.C. 23, 25-26, 495 S.E.2d 202, 204 (1998) ("[T]he elements of accessory after the fact of a crime [are]: (1) the felony has been completed; (2) the accused must have knowledge that the principal committed the felony; and (3) the accused must harbor or assist the principal felon.").

2.  The trial court did not abuse its discretion by finding evidence of Kochese Gregory's conviction for involuntary manslaughter was not admissible for impeachment purposes because the conviction was a remote conviction and its probative value did not substantially outweigh its prejudicial effect.  *See State v. Robinson*, 426 S.C. 579, 591, 828 S.E.2d 203, 209 (2019) ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial [court's] discretion, provided the [trial court] conducts the analysis mandated by the evidence rules and case law." (quoting *State v. Dunlap*, 346 S.C. 312, 324, 550 S.E.2d 889, 896 (Ct. App. 2001))); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (quoting *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006))); Rule 609(b), SCRE (providing evidence of a conviction is not admissible if more than ten years has elapsed since the witness was released from confinement, unless the court determines "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect"); *Robinson*, 426 S.C. at 595, 828 S.E.2d at 211 ("Rule 609(b) establishes a presumption against the admissibility of a remote

---

[1] Graham was tried with co-defendant Quinton Tywan McClinton, who was convicted of attempted murder, first-degree assault and battery, and possession of a weapon during the commission of a violent crime.

conviction and places the burden of establishing admissibility of the conviction upon the proponent of the evidence."); *State v. Black*, 400 S.C. 10, 18, 732 S.E.2d 880, 885 (2012) ("It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." (quoting *Clay v. State*, 725 S.E.2d 260, 273 (Ga. Sup. Ct. 2012))); *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000) (establishing the non-exclusive five-factor analysis to determine whether the probative value outweighs the prejudicial effect includes the following factors: "1. The impeachment value of the prior crime[;] 2. The point in time of the conviction and the witness's subsequent history[;] 3. The similarity between the past crime and the charged crime[;] 4. The importance of the defendant's testimony[; and] 5. The centrality of the credibility issue."); *Black*, 400 S.C. at 19, 732 S.E.2d at 885 (providing that when the witness being impeached is not the defendant, "some of the[] factors must, as a practical matter, be adjusted"); *id.* at 21, 732 S.E.2d at 886 (finding the impeachment value of manslaughter offenses did not weigh in favor of admissibility because "manslaughter offenses, while crimes of violence, are not crimes of dishonesty or untruthfulness that directly impact the witness's veracity").

**AFFIRMED.**[2]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.