19364

The STATE, Respondent, v. Bennie A. MITCHUM, Appellant

(187 S. E. (2d) 240)

*Messrs. Kneece, Kneece & Brown,* of Columbia, *for Appellant,*

*George W. Hall, Esq., Asst. Sol.,* of Columbia, *for Respondent,*

February 7, 1972.

BRAILSFORD, Justice.

Following an altercation with one Joyce Sweat, the defendant, Bennie A. Mitchum, was indicted on three counts, (1) assault and battery of a high and aggravated nature, (2) carrying a concealed weapon and (3) assault with a deadly weapon. Upon his trial in the Richland County Court, the concealed weapon's count was stricken upon the ground that the altercation took place on the defendant's premises, and the prosecution, being required by the court to elect between counts one and three, chose to go to the jury on the charge of assault with a deadly weapon. The defendant appeals from his conviction of this charge.

According to the brief, two questions are presented as follows:

"Did His Honor err in refusing Defendant-Appellant's Motion for a Directed Verdict, the error being that there is no statutory or common law offense entitled 'assault with a deadly weapon'?

"Did His Honor err in his instructions to the jury when his instructions included definitions of charges not before the jury?"

The testimony tends to establish that the defendant physically abused the prosecutrix by jerking her around by the hair and slapping her face; also, that he threatened her with a pistol and discharged the weapon at her from close range. The indictment is not in the record, but we assume that the State undertook to charge these two aspects of the episode in separate counts. The defendant raised no objection to the indictment, but, after all of the evidence was in, the court, *sua sponte,* required the elec-

tion. This was favorable to the defendant because it insured his acquittal unless the jury believed that he committed an assault on the prosecutrix with a pistol. The verdict convicts him of having done so, and an assault with such a weapon is, under our law, at least, an assault of a high and aggravated nature. If the offense was mislabeled in count three of the indictment, the defendant suffered no prejudice therefrom. Furthermore, if he was aggrieved by a defect appearing on the face of the indictment, he was required by Section 17-409, Code of 1962, to make an appropriate motion before the jury was sworn. Not having done so, any such defect was waived. The court did not err in refusing defendant's motion for a directed verdict on this ground.

In instructing the jury, the trial judge defined assault. He also defined battery, and, in effect, told the jury that an assault with a deadly weapon is an aggravated assault. Several times he inadvertently referred to the charge against the defendant as that of assault and battery with a deadly weapon. When the jury was excused at the end of the charge, the solicitor called the court's attention to these inadvertences. Whereupon, counsel for the defendant interposed, "That would be our exception." No other objection was made to the charge, nor to the supplemental instructions by which the court called the jury's attention to the mistake and emphasized that the charge was "simply assault with a deadly weapon."

We find no error, certainly none to the prejudice of the defendant. Additional criticisms of the instructions which are urged in the brief, not having been called to the attention of the trial judge, are not properly before us.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.