22320

The STATE, Respondent, v. James LEGETTE, Appellant.

(330 S. E. (2d) 293)

Supreme Court

*Michael J. Thompson* and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Attys. Susan A. Lake* and *Norman Mark Rapoport,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard April 8, 1985.

Decided May 14, 1985.

*Per Curiam:*

James Legette appeals his conviction for accessory after the fact to grand larceny, contending that the State's failure to present any competent evidence against him entitled him to a directed verdict of not guilty.

We agree and reverse.

## FACTS

On July 18, 1983, a merchant of Marion, South Carolina reported to police the theft of two riding lawn mowers valued at approximately $5,500.00 each.

Thereafter, in early August Legette offered a riding mower to one Junior Allen, his employer, at a price of $1,400.00. The price was negotiated down to $1,000.00 but Allen, concerned that the mower may have been stolen, contacted the police.

Police, already aware of the July 18 theft from the merchant, arranged with Allen for a delivery of the mower by Legette. At a stakeout Legette was stopped with a mower in a pickup truck being driven by him. When the mower matched the identity of one of the two stolen on July 18, Legette was arrested. Also arrested was a passenger in the pickup.

The original four count indictment charged Legette with conspiracy, grand larceny, receiving stolen goods and accessory after the fact of grand larceny.

At the completion of the State's case the trial judge granted Legette's directed verdict motions as to conspiracy and receiving stolen goods but denied as to grand larceny and accessory after the fact.

The jury acquitted on grand larceny but convicted on accessory after the fact. Legette was sentenced to 10 years confinement.

## ISSUES

The sole issue is whether the State produced sufficient evidence to support a conviction for accessory after the fact of grand larceny. We hold it did not.

## ACCESSORY AFTER THE FACT TO GRAND LARCENY

The following elements must exist before an accused may be found guilty of accessory after the fact of a felony: (1) the felony has been completed; (2) the accused must have knowledge that the principal committed the felony; and (3) the accused must harbor or assist the principal felon. *State v. Hodge,* 278 S. C. 110, 292 S. E. (2d) 600 (1982), *cert. denied,* 459 U. S. 910, 103 S. Ct. 217, 74 L. Ed. (2d) 172 (1982); *State v. Plath,* 277 S. C. 126, 284 S. E. (2d) 221

(1981). The assistance or harboring rendered must be for the purpose of enabling the principal felon to escape detection or arrest. *State v. Nicholson,* 221 S. C. 399, 70 S. E. (2d) 632 (1952).

A search of the record reveals no evidence showing Legette tried to help anyone escape detection or arrest for the theft of the mowers. The evidence, therefore, was insufficient to support the charge of accessory after the fact.

The trial judge effectually ended the count of accessory after the fact when he directed the verdict on the count for receiving stolen goods, as Legette would be compelled to know the goods were stolen if he had knowledge that the principal committed the felony.

Reversed.