2459

The STATE, Respondent v. Isaac LEWIS, Appellant.

(467 S.E. (2d) 265)

Court of Appeals

*Assistant Appellate Defender Lisa T. Gregory,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh,* and *Assistant Deputy Attorney General Salley W. Elliott;* and *Solicitor Warren B. Giese,* Columbia, *for respondent.*

Heard Jan. 9, 1996.

Decided Feb. 5, 1996.

HEARN, Judge:

Isaac Lewis appeals from his conviction for assaulting a police officer while resisting arrest. Lewis claims this prosecu-

tion violated his constitutional protection against double jeopardy since he had previously been convicted in municipal court failure to stop on police command for the same conduct which gave rise to the assault while resisting arrest charge. We affirm.

A defendant may be severally indicted and punished for separate offenses without being placed in double jeopardy where a single act consists of two "distinct" offenses. *State v. Walsh*, 300 S.C. 427, 388 S.E. (2d) 777 (1988). In *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed. (2d) 548 (1990), the United States Supreme Court set forth the following analysis for determining whether a subsequent prosecution was barred by the double jeopardy clause. The court had to first apply the traditional test under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which requires a technical comparison of the elements of the offense for which the defendant was first tried with the elements of the offense in the subsequent prosecution. If the *Blockburger* test revealed that the offenses had identical statutory elements or that one was a lesser-included offense of the other, then the inquiry must cease and the subsequent prosecution was barred. *Id.* If, however, a subsequent prosecution survived this technical comparison of the elements of the two offenses, the court had to then determine whether the State would prove the entirety of the conduct previously prosecuted to establish an essential element of the offense in the subsequent prosecution. If so, the subsequent prosecution was barred. *Id.* The *Grady v. Corbin* analysis relied on a determination of whether one offense was a "species of lesser-included offense" of the other. See *State v. Wilson*, 311 S.C. 382, 429 S.E. (2d) 453 (1993) (discussing and applying the *Grady v. Corbin* analysis).

*Grady v. Corbin* was overruled, however, in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed. (2d) 556 (1993). A majority of the United States Supreme Court found *Grady*'s "same conduct" test lacked constitutional roots, and was wholly inconsistent with Supreme Court precedent and "the clear common-law understanding of double jeopardy." *United States v. Dixon*, 509 U.S. at 688, 113 S.Ct. at 2860. Accordingly, *Grady* is no longer the law, and *Blockburger* remains as the only test of double jeopardy for successive prose-

cutions as well as for multiple punishments in a single prosecution. *See generally* McAninch, *Double Jeopardy: The Basics for Practitioners*, Criminal Practice Law Report, April and May 1994 (two parts).

Applying the *Blockburger* test, we find no double jeopardy violation in this case. The offenses do not have identical statutory elements, and one is not a lesser-included offense of the other. Lewis was convicted in municipal court for violating City of Columbia Code § 2-1005, which provides:

> It shall be unlawful for any person in the city to wilfully and knowingly fail or refuse to stop when signaled, hailed, or commanded to stop by a policeman or other officer of the city.

Lewis was subsequently indicted for assault on a police officer while resisting arrest in violation of S.C. Code Ann. § 16-9-320 (Supp. 1992), which at the time of Lewis's arrest provided in pertinent part:

> (2) assaults, beats, or wounds a law enforcement officer engaged in serving, executing, or attempting to serve or execute a legal writ or process or who assaults, beats, or wounds an officer when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not, is guilty of a misdemeanor and, upon conviction, must be fined not less than one thousand dollars and not more than ten thousand dollars or imprisoned for not more than ten years, or both.[1]

---

[1] Section 16-9-320(2) provided this offense was a misdemeanor. The section was rewritten by Act No. 184, 1993 S.C. Acts 3229, effective January 1, 1994, to change the offense to a felony. S.C. Code Ann. § 16-9-320(B) (Supp. 1994). The offense in this case occurred November 23, 1992, and the indictment was issued November 17, 1993. The indictment purports to charge Lewis under § 16-9-329(B), the amended section. Hence, the indictment was defective because it charged Lewis with a felony under the amended statute as opposed to a misdemeanor under the version in effect at the time of the crime and his indictment. Because this defect was apparent from the face of the indictment, however, Lewis waived any objection to the defect by not raising the issue prior to the jury being sworn. *See* S.C. Code Ann. § 17-19-90 (1985) (every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards).

Comparing the elements of the two offenses, we find they do not have identical statutory elements and neither is a lesser-included offense of the other. *See State v. Bland,* 318 S.C. 315, 457 S.E. (2d) 611 (1995) (the test for determining when a crime is a lesser-included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense; if the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater). The municipal offense requires evidence that a person failed or refused to stop when signaled, hailed or commanded to stop by a police officer. Section 16-9-320, however, does not contain any requirement that the officer signal, hail or command the person to stop, or that the person even fail or refuse to stop, for the person to commit the offense of assaulting an officer while resisting arrest. Therefore, the municipal offense is not a lesser-included offense of § 16-9-320.

Likewise, assaulting a police officer while resisting arrest is not a lesser-included offense of the municipal offense of refusal or failure to stop when signaled, hailed, or commanded to do so by a police officer. The municipal offense does not require the officer to be attempting to execute an arrest, nor does it require an assault upon the officer, for someone to be in violation of the ordinance. Therefore, there was no double jeopardy violation under *Blockburger.* Accordingly, the judgment is

Affirmed

SHAW and GOOLSBY, JJ., concur.