560 S.E.2d 426

**The STATE, Respondent,**

v.

**Harold D. KNUCKLES, Appellant.**

**No. 3438.**

Court of Appeals of South Carolina.

Heard Dec. 4, 2001.
Decided Jan. 28, 2002.
Rehearing Denied March 20, 2002.

---

4. We reach this number by subtracting the amount in the IRAs from the circuit court's cash total.

594

Assistant Appellate Defender Katherine Carruth Link, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for respondent.

CURETON, J.

Harold Knuckles was charged with driving under the influence (DUI), pled guilty, and was convicted. Knuckles appeals asserting the circuit court lacked subject matter jurisdiction to accept his plea because the indictment charging him with DUI did not contain all of the statutory elements of the offense. We agree and vacate the conviction.[1]

## FACTS

On July 17,1998, Trooper Godfrey of the Highway Patrol responded to a traffic call from a Metro Narcotics Officer. Upon his arrival at the scene, Godfrey encountered Knuckles, performed sobriety tests, and determined Knuckles was under the influence. Knuckles was arrested and imprisoned for three days.

At his plea hearing, Knuckles requested the court's mercy as he had secured a new job to begin the following week. The court sentenced Knuckles to one year imprisonment and fined him $2,000 suspended on time served, $1,000 fine and probation for two years. Knuckles appeals.

## LAW/ANALYSIS

Knuckles asserts the circuit court lacked subject matter jurisdiction to accept his guilty plea because the indictment failed to adequately charge him with DUI pursuant to section 56–5–2930 of the South Carolina Code. We agree.

The indictment reads as follows:

That Harold Knuckles, Sr. did in Cherokee County on or about July 17, 1998, drive a vehicle while under the influence of intoxicating liquors, and/or narcotic drugs, barbiturates, paraldehydes drugs and herbs; such not being the first offense within a period of ten years including and immediately preceding the foregoing date.

---

1. This appeal was originally filed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and raised the issue of the voluntariness of Knuckles' plea. By order dated February 1, 2001, this court found the sufficiency of the indictment to be the only issue of arguable merit and directed the parties to brief the issue. Accordingly, we need not again address the voluntariness of Knuckles' plea.

The caption of the indictment cited section 56–5–2930, but the section was not referenced in the body of the indictment.

Prior to June 29, 1998, section 56–5–2930 read as follows:

It is unlawful for any person who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquors, narcotic drugs, barbiturates, paraldehydes or drugs, herbs or any other substance of like character, whether synthetic or natural, to drive any vehicle within this State.

For purposes of this section 'drug' means illicit or licit drug, a combination of licit or illicit drug, a combination of alcohol and an illicit drug, or a combination of alcohol and a licit drug.

S.C.Code Ann. § 56–5–2930 (1991).

Section 56–5–2930 was amended effective June 29, 1998,[2] and at the time of the offense it read as follows:

It is unlawful for a person to drive a motor vehicle within this State while under the:

(1) influence of alcohol to the extent that the person's faculties to drive are **materially and appreciably impaired;**

(2) influence of any other drug or a combination of other drugs or substances which cause impairment to the extent that the person's faculties to drive are **materially and appreciably impaired;** or

(3) combined influence of alcohol and any other drug or drugs, or substances which cause impairment to the extent that the person's faculties to drive are **materially and appreciably impaired.**

S.C.Code Ann. § 56–5–2930 (Supp.1998) (emphasis added). The language used in the indictment tracked the language of the statute prior to the amendment, and did not contain the "materially and appreciably impaired" language.

■■■ The subject matter jurisdiction of a court is fundamental. "Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court. It is well-settled that issues related to

2. Act No. 434, 1998 S.C. Acts 3218.

subject matter jurisdiction may be raised at any time, including for the first time on appeal in this Court." *Brown v. State*, 343 S.C. 342, 346, 540 S.E.2d 846, 848–49 (2001) (citation omitted). The action of a court, regarding a matter as to which it has no jurisdiction, is void. *State v. Funderburk*, 259 S.C. 256, 261, 191 S.E.2d 520, 522 (1972).

The circuit court does not have subject matter jurisdiction to hear a guilty plea unless: (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included offense of the crime charged in the indictment. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998).

South Carolina law provides an indictment is sufficient if it "charges the crime substantially in the language … of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood." S.C.Code Ann. § 17–19–20 (1985). "The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." *Browning v. State*, 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995).

South Carolina courts have held that the sufficiency of an indictment "must be viewed with a practical eye; all the surrounding circumstances must be weighed before an accurate determination of whether a defendant was or was not prejudiced can be reached." *State v. Adams*, 277 S.C. 115, 125, 283 S.E.2d 582, 588 (1981), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). We look first to the statutory history, mindful that it is the Legislature, not this court, that is responsible for defining a crime under a penal statute. Moreover, we are bound to construe section 56–5–2930 strictly against the State. *See Williams v. State*, 306 S.C. 89, 91, 410 S.E.2d 563, 564 (1991) (It is a well-settled rule of statutory construction that penal statutes are strictly construed against the State and in favor of the defendant.).

The statute was amended in June 1998, approximately four months after this court decided *State v. Kerr*, 330 S.C. 132, 498 S.E.2d 212 (Ct.App.1998). This court in *Kerr*, interpret-

ing the version of the statute prior to the 1998 amendment, addressed the standard of proof for DUI. We concluded that DUI was established by proof that the defendant's ability to drive was materially and appreciably impaired. *Kerr*, 330 S.C. at 144, 498 S.E.2d at 218 ("Driving under the influence is therefore established by proof that defendant's ability to drive was materially and appreciably impaired.").

When construing an amendment to a statute, we presume the legislature did not intend a futile act. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 620, 503 S.E.2d 471, 476 (1998). We conclude the legislature considered *Kerr* in amending section 56–5–2930, and thus intended to make material and appreciable impairment an element of the substantive offense charged rather than an element of proof to be adduced at trial. *See State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991) (The court's primary function in interpreting a statute is to ascertain the intention of the legislature.). Because the indictment does not include the element of material and appreciable impairment, we find it insufficient to charge DUI pursuant to section 56–5–2930.

The failure to include an element of a statutory offense in the body of an indictment will not invalidate the indictment if specific reference to the statute is made in the body of the indictment. *State v. Owens*, 346 S.C. 637, 649, 552 S.E.2d 745, 751 (2001). However, a reference to the statute in the caption does not validate an invalid indictment. The caption of an indictment is not a part of the finding of the grand jury. *State v. Lark*, 64 S.C. 350, 353, 42 S.E. 175, 176–77 (1902). Rather, it is the body of the indictment that is controlling. If the body specifically states the essential elements of the crime and is otherwise free from defect, a defect in the caption will not invalidate the indictment. *Tate v. State*, 345 S.C. 577, 581, 549 S.E.2d 601, 603 (2001). However, because the caption is not part of the indictment, a designation in the caption cannot enlarge or diminish the offense charged in the body of the indictment. *See State v. Wilkes*, 346 S.C. 67, 70, 550 S.E.2d 332, 333–34 (Ct.App.2001) (citing 42 C.J.S. *Indictments and Informations* § 113 (1991)). Accordingly, we conclude the reference to the statute in the caption does not make the indictment sufficient.

## CONCLUSION

Because the indictment failed to allege material and appreciable impairment, a necessary element of the offense, the trial court lacked subject matter jurisdiction to accept Knuckles' guilty plea. Accordingly, the resulting conviction is

**VACATED.**

STILWELL, J., concurs, and SHULER, J., dissents in separate opinion.

SHULER, J., dissenting:

I respectfully dissent. In my view, all of the statutory elements of driving under the influence were included in the body of the indictment and thus, it was sufficient to confer jurisdiction on the circuit court.

Even before section 56–5–2930 was amended, driving under the influence was established by proof that the defendant's ability to drive was materially and appreciably impaired. *See City of Orangeburg v. Carter*, 303 S.C. 290, 400 S.E.2d 140 (1991); *State v. Kerr*, 330 S.C. 132, 498 S.E.2d 212 (Ct.App. 1998). This was the standard of proof necessary to establish driving under the influence and was not considered an element of the offense.

The majority points out that section 56–5–2930 was amended approximately four months after this Court decided *State v. Kerr*, 330 S.C. 132, 498 S.E.2d 212 (Ct.App.1998), indicating the amendment was in response to *Kerr*. The issue in *Kerr* was whether the trial judge committed error in his charge to the jury on the standard of proof for driving under the influence. In answering the question of what the proper standard of proof is in a DUI case, the Court stated: "Driving under the influence is ... established by proof that the defendant's ability to drive was materially and appreciably impaired." *Id.* at 144, 498 S.E.2d at 218. In my view, the legislature did not intend to make material and appreciable impairment an element of driving under the influence, but instead intended to clearly establish the standard of proof to be used in such cases.

Moreover, after section 56–5–2930 was amended, this Court and the supreme court have continued to define the *corpus*

*delicti* of DUI as (1) driving a vehicle; (2) within this state; (3) while under the influence of intoxicating liquors or drugs. *See State v. Osborne,* 335 S.C. 172, 516 S.E.2d 201 (1999); *State v. McCombs,* 335 S.C. 123, 515 S.E.2d 547 (Ct.App.1999).

For the foregoing reasons, I would find that the indictment was sufficient to confer subject matter jurisdiction on the circuit court and affirm the conviction.