577 S.E.2d 211

**Wayne C. HOOKS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25590.**

Supreme Court of South Carolina.

Submitted Dec. 5, 2002.

Decided Feb. 3, 2003.

50

Assistant Appellate Defender Aileen P. Clare, of Columbia; for Petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Chief, Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General Allen Bullard, Assistant Attorney General William Bryan Dukes, all of Columbia; for Respondent.

Justice BURNETT:

We granted Wayne C. Hooks ("Hooks") petition for certiorari from denial of his post-conviction relief ("PCR") and now reverse.

## FACTS

Hooks was indicted for murder, accessory after the fact of murder, accessory after the fact of assault and battery with intent to kill, distribution of marijuana and distribution of marijuana within proximity to a school. He pled guilty to accessory after the fact of murder and distribution of marijuana. The court sentenced Hooks to concurrent terms of imprisonment of fifteen years for accessory and five years for distribution.

■ In his petition for certiorari Hooks alleges, for the first time [1], the trial court lacked subject matter jurisdiction of his accessory plea because the indictment omitted essential elements of the offense.

## ISSUES

I. Did the trial court lack subject matter jurisdiction to accept a guilty plea because the indictment was insufficient?

II. Did Hooks waive his right to object to the sufficiency of the indictment by not complying with S.C.Code Ann. § 17–19–90 (1985)?

## I

### Sufficiency of the Indictment

■ A circuit court lacks subject matter jurisdiction and may not accept a guilty plea if the indictment does not sufficiently state the offense.[2] *Browning v. State*, 320 S.C. 366, 465 S.E.2d 358 (1995). We judge the sufficiency of an indictment against whether it contains the necessary elements of the offense to be charged and whether it sufficiently appraises the defendant of what he must be prepared to meet. *State v. Adams*, 277 S.C. 115, 125, 283 S.E.2d 582, 587 (1981), *overruled on other grounds* by *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). We do not judge an indictment's sufficiency based upon inquiring whether it could be more

---

1. We may review this case although Hooks failed to raise the indictment issue until his petition for certiorari to this Court. *See Brown v. State*, 343 S.C. 342, 540 S.E.2d 846 (2001) (subject matter jurisdiction may be raised at anytime).

2. Two exceptions apply to the general rule that an indictment must sufficiently state the offense to confer jurisdiction on a court. The first applies if the defendant waives presentment. The second applies where the charge to which the defendant pleads guilty is a lesser-included offense of the crime charged in the indictment. *See Browning v. State*, 320 S.C. 366, 465 S.E.2d 358 (1995). Nothing in the record indicates Hooks waived presentment of the indictment. Further, accessory after the fact of murder is not a lesser-included offense of the charge of murder for which Hooks was indicted. *See State v. Collins*, 329 S.C. 23, 495 S.E.2d 202 (1998).

definite or certain. *State v. Ham,* 259 S.C. 118, 129, 191 S.E.2d 13, 17 (1972)

At the time of Hooks's plea, the crime of accessory after the fact to murder contained the following elements: 1) the felony had been completed; 2) the accused had knowledge that the principal committed the felony; 3) the accused harbored or assisted the principal; and 4) the accused was not present at the scene of the crime. *State v. Collins,* 329 S.C. 23, 495 S.E.2d 202 (1998).[3] The indictment presented to Hooks read:

> That Wayne Christopher Hooks did in Florence County on or about January 28, 1995, render assistance to a felon, namely, Marcel Andre Ervin, who, on or about January 28, 1995, committed the crime of murder of James Jonathan Brown.

R.p. 91.

The State argues the indictment is sufficient to put Hooks on notice of the charges pending against him although it fails to allege he knew the principal committed murder or that he was not present at the crime scene. We disagree.

The knowledge element is critical because the State bears the burden of proving Hooks's assistance was for the purpose of enabling the principal to avoid detection or arrest. *State v. Legette,* 285 S.C. 465, 330 S.E.2d 293 (1985). Such assistance is only illegal if Hooks had knowledge of the principal's prior actions. Unless the State can prove Hooks knew he was helping a murderer avoid arrest he could not be guilty of accessory after the fact of murder.

An argument may be made, however, that the indictment's inclusion of the word "felon" to describe Ervin along with the verb "murder" to describe Ervin's action is sufficient to notify Hooks that he was charged with helping a felon who had murdered someone. The two words viewed in the context of the entire sentence may allow for such a reading. However, even if we were to accept such a reading, the indictment is deficient because it did not specify Hooks was not present at the scene of the crime.

---

3. We held in *Collins* that the absence of the accused from the scene of the crime would no longer be an element of accessory after the fact and declined to apply the new rule retroactively. For purposes of this case the absence prong is an element of accessory after the fact.

The presence element is critical in the pre-*Collins* context. Prior to our decision in *Collins* a person who was with the principal at the scene of the crime would himself be a principal to the crime and not an accessory. *State v. Whitted,* 279 S.C. 260, 305 S.E.2d 245 (1983), *overruled* by *Collins, supra.* Hooks pled guilty prior to the *Collins* decision, therefore, the State was required to prove he was not at the scene when the crime occurred in order to be guilty of accessory after the fact of murder.

Pre–Collins case law required the indictment inform Hooks of the presence element. The omission of this element renders the indictment insufficient.

## II

### Waiver of Objection

The State argues Hooks waived his right to object to the sufficiency of the indictment by failing to comply with S.C.Code Ann. § 17–19–90 (1985). We disagree.

This statute provides: "Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards." S.C.Code Ann. § 17–19–90 (1985). The statute applies to guilty pleas as well as those actions tried by jury. *State v. Phillips,* 215 S.C. 314, 54 S.E.2d 901 (1949).

It is settled, however, that lack of subject matter jurisdiction is fundamental and may not be waived even by consent of the parties. *Brown v. State,* 343 S.C. 342, 540 S.E.2d 846 (2001). A judgment by a court cannot be affirmed where the court had no right to act. The actions and judgment of the court in the absence of subject matter jurisdiction are void. *Id.; see also, State v. Smalls,* 336 S.C. 301, 519 S.E.2d 793 (Ct.App.1999) (general rule that lack of subject matter jurisdiction may be raised at anytime supercedes S.C.Code Ann. § 17–19–90). The State concedes in brief, and case law suggests, the statute applies to only non-jurisdictional defects in the indictment. *See State v. Mitchum,* 258 S.C. 52, 187 S.E.2d 240 (1972); *State v. Lewis,* 321 S.C. 146, 467 S.E.2d

54

265 (Ct.App.1996). Here the lack of subject matter jurisdiction is a jurisdictional defect not covered by the statute.

## CONCLUSION

Accordingly we REVERSE the PCR court's dismissal of Hooks's petition and vacate the portion of his guilty plea for accessory after the fact of murder.

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.