583 S.E.2d 51

**The STATE, Petitioner,**

v.

**Harold D. KNUCKLES, Respondent.**

No. 25667.

Supreme Court of South Carolina.

Heard May 15, 2003.

Decided June 23, 2003.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General David Spencer, all of Columbia, and Harold W. Gowdy, III, of Spartanburg, for petitioner.

Katherine Carruth Link and the South Carolina Office of Appellate Defense, both of Columbia, for respondent.

Justice BURNETT:

We granted certiorari to review the Court of Appeals' decision in *State v. Knuckles*, 348 S.C. 593, 560 S.E.2d 426 (Ct.App.2002). We reverse.

## FACTS

The relevant facts are uncontested. Harold D. Knuckles ("Knuckles") pled guilty to a 1998 indictment for driving under the influence, second offense, in violation of S.C.Code Ann. § 56–5–2930. The Court of Appeals held the indictment insufficient to confer subject matter jurisdiction and vacated Knuckles' conviction.

## ISSUE

Did the Court of Appeals err in ruling the indictment did not confer subject matter jurisdiction?

## DISCUSSION

■ Knuckles argues the indictment is insufficient because it fails to allege his faculties were "materially and appreciably impaired" by the use of alcohol or drugs, as required by the statute. We disagree.

■ A circuit court lacks subject matter jurisdiction where an indictment is insufficient to charge an offense. *Hooks v. State*, 353 S.C. 48, 577 S.E.2d 211 (2003). An indictment is sufficient if it contains the necessary elements of the offense to be charged and apprises the defendant what he must be prepared to meet. *Id.* Whether an indictment could be more definite or certain is irrelevant. *Id.*

Knuckles' indictment alleges:

That Harold D. Knuckles, Sr. did in Cherokee County on or about July 17, 1998, drive a vehicle under the influence of intoxicating liquors, and/or narcotic drugs, barbiturates, paraldehydes[,] drugs and herbs; such not being the first offense within a period of ten years including and immediately preceding the foregoing date.

Section 56–5–2930 prohibits the operation of a motor vehicle while under the:

(1) influence of alcohol to the extent that the person's faculties to drive are materially and appreciably impaired;

(2) influence of any other drug or a combination of other drugs or substances which cause impairment to the extent that the person's faculties to drive are materially and appreciably impaired; or

(3) combined influence of alcohol and any other drug or drugs, or substances which cause impairment to the extent that the person's faculties to drive are materially and appreciably impaired.

S.C.Code Ann. § 56-5-2930 (Supp.1998).

■ The corpus delicti of DUI is defined as (1) driving a vehicle; (2) within this state; (3) while under the influence of intoxicating liquors or drugs. *Knuckles,* 348 S.C. at 600, 560 S.E.2d at 430 (Shuler dissenting); *see State v. Osborne,* 335 S.C. 172, 516 S.E.2d 201 (1999); *State v. Salisbury,* 343 S.C. 520, 524, 541 S.E.2d 247, 248-49 (2001); *State v. McCombs,* 335 S.C. 123, 515 S.E.2d 547 (Ct.App.1999); *Kerr, supra; but see State v. Russell,* 345 S.C. 128, 134, 546 S.E.2d 202, 205 (Ct.App.2001).

The term "materially and appreciably impaired" as it relates to DUI may be traced to *State v. Kerr,* 330 S.C. 132, 498 S.E.2d 212 (Ct.App.1998). In *Kerr* the court addressed the level of proof required of the State to prove the defendant was "under the influence of alcohol." *Id.* at 144, 498 S.E.2d at 218.

Subsequently, the Legislature amended § 56-5-2930 to include the "materially and appreciably impaired" language. The statutory inclusion of the level or standard of proof required does not change the corpus delicti of this crime.

The indictment in this case is sufficient to confer jurisdiction on the circuit court.

We **REVERSE.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.