603 S.E.2d 873

**The STATE, Respondent,**

v.

**Don Reno WALTON, Appellant.**

No. 3872.

Court of Appeals of South Carolina.

Submitted Sept. 14, 2004.

Decided Oct. 11, 2004.

---

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.

GOOLSBY, J.

Don Reno Walton pled guilty to charges of distribution of crack cocaine and distribution of crack cocaine within proximity of a school. He appeals, arguing the circuit court did not have subject matter jurisdiction to accept his guilty plea to distribution within proximity of a school. We affirm.[1]

At the plea proceeding, Walton waived presentment in writing and pled guilty to both of the above charges. The charges stemmed from his alleged sale of crack cocaine to a confidential informant on or about April 3, 2001 in York County. Walton was sentenced to time served and ordered to pay a $10,000 fine for the distribution charge. On the proximity charge, Walton was sentenced to ten years in prison, suspended upon time served and three years probation, and fined $10,000. The court ordered the sentences to run consecutively.

On appeal, Walton contends for the first time that the circuit court lacked subject matter jurisdiction to accept his guilty plea to distribution of crack cocaine within proximity of a school because the indictment described the nearby school as the "York Adult Education Center." Walton asserts the center is not a type of school specifically included in the applicable statute.

A circuit court has subject matter jurisdiction to convict a defendant of a criminal offense if (1) there has been an indictment that sufficiently states the offense, (2) there has been a written waiver of presentment, or (3) the charge is a lesser-included offense of the crime charged in the indictment. *Cutner v. State*, 354 S.C. 151, 580 S.E.2d 120 (2003). The lack of subject-matter jurisdiction may be raised at any time and can be raised sua sponte by the court. *State v. Guthrie*, 352 S.C. 103, 572 S.E.2d 309 (Ct.App.2002).

Section 44–53–445 provides that it shall be unlawful to distribute a controlled substance "within a one-half mile radius of the grounds of a public or private elementary, middle, or secondary school; a public playground or park; a public

---

1. Because oral argument would not aid the Court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

vocational or trade school or technical educational center; or a public or private college or university." S.C.Code Ann. § 44–53–445(A) (2002).

In this case, the indictment for the proximity charge alleged Walton distributed "a controlled substance, to wit: crack cocaine, within a one-half mile radius of the grounds of York Adult Education Center, *a public school* located in the city of York, South Carolina, ... *in violation of Section 44–53–445,* Code of Laws of South Carolina (1976), as amended." [Emphasis added.]

Walton argues the indictment is fatally flawed because the York Adult Education Center is not specifically included among the types of qualifying schools listed in the statute, citing *Brown v. State,* 343 S.C. 342, 540 S.E.2d 846 (2001). In *Brown,* the indictment alleged that the distribution occurred within proximity of a day-care center. Our supreme court found the circuit court lacked subject matter jurisdiction to accept the defendant's guilty plea because day-care centers were not specifically included among the types of schools listed in the statute.

In the current appeal, the indictment alleges the distribution of crack cocaine occurred within a half-mile radius of a public school in violation of section 44–53–445, and names the institution, "York Adult Education Center."

Although the indictment alleges the institution is a "public school," it does not otherwise specify whether it is a secondary school or a vocational, trade, or technical school, all of which are qualifying institutions under the statute. *See Brown,* 343 S.C. at 349, 540 S.E.2d at 850 (stating "section 44–53–445 does not simply criminalize distribution within proximity of a 'school,' but instead *very specifically* lists the types of schools covered"). In *State v. Owens,* 346 S.C. 637, 552 S.E.2d 745 (2001), however, our supreme court held that "[w]hile the better practice is to set forth the elements of the crime in the indictment rather than referring to the statutory section alleged to have been violated," an indictment was sufficient to provide the defendant with notice of the elements of the offense where it referenced the appropriate statute. *Id.* at 649, 552 S.E.2d at 751. The indictment against Walton clearly alleges the distribution occurred within a half-mile radius of a

public school in violation of section 44–53–445; thus, we find the indictment sufficiently gave Watkins notice that the distribution allegedly occurred at a public school that was within the terms of the statute.

▉ We also hold Watkins waived any argument about whether the indictment sufficiently stated the offense to confer jurisdiction on the court since he signed a written waiver of presentment. In *Hooks v. State*, 353 S.C. 48, 577 S.E.2d 211 (2003), our supreme court noted as follows:

> Two exceptions apply to the general rule that an indictment must sufficiently state the offense to confer jurisdiction on a court. *The first applies if the defendant waives presentment.* The second applies where the charge to which the defendant pleads guilty is a lesser-included offense of the crime charged in the indictment.

*Id.* at 51 n. 2, 577 S.E.2d at 213 n. 2 (emphasis added).

**AFFIRMED.**[2]

ANDERSON and WILLIAMS, JJ., concur.

---

2. Although our supreme court has had several cases raising the issue of subject-matter jurisdiction in this context, we note that, in a case involving the issue of a directed verdict, this court inferred that the question whether or not the York Adult Education Center fell within the scope of the statute was a question of fact for a jury to determine. *State v. Chisolm*, 355 S.C. 175, 584 S.E.2d 401 (Ct.App.2003), *cert. denied* (Apr. 8, 2004), *and overruled on other grounds by State v. Taylor*, 360 S.C. 18, 598 S.E.2d 735 (Ct.App.2004). The question of whether or not the indictment conveyed subject-matter jurisdiction was not addressed.