SHWARTZ, Circuit Judge,
concurring in part, dissenting in part.
I agree with my colleagues that we lack jurisdiction to review Patricia Flores’s petition for relief under the Convention Against Torture (“CAT”) because she did not dispute the Board of Immigration Appeals’ (“BIA”) finding that she failed to meaningfully challenge the Immigration Judge’s (“IJ”) ruling. However, I part company with my colleagues’ conclusion that a conviction under South Carolina’s accessory after the fact statute does not constitute an aggravated felony. Applying the framework set forth in Denis v. Attorney General, 633 F.3d 201 (3d Cir. 2011), I believe we are required to conclude that South Carolina’s accessory after the fact offense is related to obstruction of justice, and it therefore qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(S). As a result, Flores is not entitled to withholding of removal.
I
The Immigration and Nationality Act (“INA”) provides a list of offenses that are considered aggravated felonies. 8 U.S.C. § 1101(a)(43). To determine whether a state conviction constitutes an aggravated felony under the INA, we presumptively apply the “formal categorical approach.” Ng v. Att’y Gen., 436 F.3d 392, 396 (3d Cir. 2006). Under this approach, we look at the elements of the crime to determine whether it falls within a category enumerated in the INA.[1] Id. at 396-97. In general, “[i]f the elements of the aggravated felony generic crimes enumerated in the federal statute are the same as or broader than the elements of the specific criminal statute of conviction, then the specific crime of conviction categorically qualifies as an aggravated felony.” Denis, 633 F.3d at 206.
One category of aggravated felony under the INA is “an offense relating to obstruction of justice ... for which the term of imprisonment is at least one year.” 8 U.S.C. § 1101(a)(43)(S). In Denis, we observed that the phrase “relating to” must be “read expansively” and “encom-passfes] crimes other than those specifically listed in the federal statutes.” Denis, 633 F.3d at 209 (citations omitted); see also Yohg Wong Park v. Att’y Gen., 472 F.3d 66, 72 (3d Cir. 2006) (noting that the Supreme Court has defined “relating to” as: “to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with” (quot *298 ing Morales v. Trans World Airlines, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)) (internal quotation marks omitted)). Mindful of Congress’s word choice, the Denis court held that “in deciding whether a conviction is ‘related to’ another offense ... crimes of conviction can be ‘related to’ a listed offense without containing what might be viewed as an essential element.” Denis, 633 F.3d at 210. Thus, under Denis, the elements of the federal statute and the crime of conviction need not match for the latter to relate to obstruction of justice. See id. at 211 (stating that “[t]o give effect to Congress’s choice of language, a categorical matching of the elements of the offense of conviction with the elements of a federal law cannot be the sole test for determining whether a crime of conviction ‘relates to’ a generic federal offense”). Rather, a “logical” or “causal connection may suffice to make the separate crimes related.” Id. at 211-12 (internal quotation marks omitted); see also id. at 212 (“[W]e will survey the interrelationship between [the] two statutory provisions and apply the phrase relating to broadly, seeking a logical or causal connection.” (second alteration in original) (internal quotation marks and citation omitted)). Therefore, our task is to determine whether the state offense is logically or causally connected with the generic federal obstruction of justice offense.[2]
Chapter 73 of Title 18 of the United States Code is entitled “Obstruction of Justice” and contains more than twenty different offenses.[3] Most applicable here is 18 U.S.C. § 1503, which provides that “[wjhoever corruptly, or by threats or force, ... endeavors to influence, obstruct, or impede, the due administration of jus *299 tice” shall be imprisoned (if the obstruction does not involve a killing or attempted killing) not more than ten years.
We have held that obstruction of the “due administration of justice” under § 1503 requires an ongoing judicial proceeding. United States v. Davis, 183 F.3d 231, 239 (3d Cir. 1999).[4] Denis makes clear, however, that the elements of the crime of conviction and the federal offense need not precisely match for the conduct to be logically or causally connected to obstruction of justice. See Denis, 633 F.3d at 206-07 (stating that § 1101(a)(43)(S)’s inclusion of the words “relating to obstruction of justice” makes the provision “more descriptive in nature and, thus, slightly more expansive .... [Rjather than ascertaining whether the elements of a state crime of conviction match the elements of the generic federal offense with precision, we must only decide that the state conviction, ‘relates to’ the offense criminalized by § 1101(a)(43)(S), namely, obstruction of justice.”). Thus, my colleagues’ focus on the individual elements of § 1503 and, in particular, the element that requires proof of an ongoing judicial proceeding is inconsistent with Denis. Indeed, in Denis we explicitly rejected the argument that a crime of conviction must require an pngo-ing judicial proceeding in order to relate to obstruction of justice. There, we reviewed the elements of the New York state evidence tampering statute and concluded that it “related to” the offense set forth in § 1503 because both statutes “proscribe any behavior that entails the use of force in an effort to impede or obstruct an official proceeding, such as through evidence tampering.” Id. at 212 (footnote omitted). We explained that, although the New York statute applied “regardless of whether the conduct interfered with a judicial proceeding or a police investigation, and [§ ] 1503 only pertains to obstruction of judicial proceedings, this distinction does not defeat our ‘relating to’ analysis” because “our approach does not depend upon matching the elements of the state crime of conviction with the elements of [§ ] 1503.” Id. at 212 n.15 (citations omitted).[5] Instead, “we only consider[ed] the provision to identify the nature of offenses classified as obstruction *300 of justice under federal law for purposes of conducting the ‘relating to’ examination.” Id.
With this in mind, I conclude that the absence of a pending judicial proceeding requirement does not mean South Carolina’s accessory after the fact crime is unrelated to obstruction of justice. Under South Carolina law, the crime of accessory after the fact may be committed where the defendant, knowing the principal committed a felony, “harbor[s] or assist[s] the principal felon ... for the purpose of enabling the principal felon to escape detection or arrest.” State v. Legette, 285 S.C. 465, 330 S.E.2d 293, 294 (1985) (citations omitted).[6] Such an offense impedes law enforcement’s efforts to apprehend wrongdoers and prevents courts and juries from considering criminal charges against them. Given that the purpose of the accessory after the fact offense is to help the principal avoid facing justice before a court, this conduct is related to obstructing the due administration of justice.[7] Indeed, our court and others have recognized that accessory after the fact is, by definition, an obstruction of justice. See Gov’t of V.I. v. Aquino, 378 F.2d 540, 553 (3d Cir. 1967) (“An accessory after the fact is one who, knowing that a crime has been committed, obstructs justice by giving comfort or assistance to the offender in order to hinder or prevent his apprehension or punishment.”); see also United States v. Brenson, 104 F.3d 1267, 1286 (11th Cir. 1997) (“The gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime.” (citation and internal quotation marks omitted)); United States v. Brown, 33 F.3d 1002, 1004 (8th Cir. 1994) (same); United States v. Willis, 559 F.2d 443, 444 (5th Cir. 1977) (same); United States v. Barlow, 470 F.2d 1245, 1252-53 (D.C. Cir. 1972) (same).[8]
*301 For these reasons, Denis requires us to conclude that Flores’s conviction for accessory after the fact under South Carolina law is “related to” the obstruction of justice, and that the BIA appropriately designated Flores as an aggravated felon. Because Flores committed an aggravated felony for which she was sentenced to five years’ imprisonment, she has committed a “particularly serious crime” and is ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B).
II
For the foregoing reasons, I join my colleagues in dismissing Flores’s CAT claim for lack of jurisdiction, but under Denis I would be compelled to deny her petition for review of her application for withholding of removal.

. In making this determination, we may not consider the particular facts underlying the conviction. Restrepo v. Att'y Gen., 617 F.3d 787, 791 (3d Cir. 2010).

. My colleagues impose a much higher standard of connection than required in Denis. For a state offense to be logically connected to a federal obstruction of justice offense, my colleagues conclude that the offenses must be "directly analogous.” Majority Op. 290-91. In Denis, we did observe that a federal obstruction of justice offense was "directly l analogous, and thus, logically connected to Denis’s state crime of conviction.” Denis, 633 F.3d at 213. While it is true that the two offenses at issue in Denis were directly analogous and that directly analogous offenses are also logically connected, nothing in Denis suggests that "direct analogy” is the minimum threshold that is required to establish a logical connection in every case. Indeed, the plain meaning of the expansive phrase “relating to” in § 1101(a)(43)(s) shows that Congress did not require that the two statutes be “directly analogous” in order to be "related.” See Morales, 504 U.S. at 383, 112 S.Ct. 2031 ("The ordinary meaning of [relating to] is a broad one— 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into asso ciation with or connection with,’....” (quoting Black's Law Dictionary 1158 (5th ed. 1979))). Moreover, in Denis we emphasized that our precedent takes a broad reading of the phrase "relating to.” Denis, 633 F.3d at 211. The "direct analogy” standard that my colleagues rely upon is more than what Denis and the plain meaning of § 1101(a)(43)(s) require.

. My colleagues assert that the placement of the federal accessory after the fact section outside of Chapter 73 signifies that it is not an obstruction of justice offense. I do not think we can draw ■ such a conclusion. First, the accessory after the fact section, 18 U.S.C. § 3, is placed in the chapter entitled “General Provisions,” which includes definitions that are applicable throughout the code. Second, the accessory after the fact provision falls immediately after the section that addresses principals and aiders and abettors, 18 U.S.C. § 2, and before misprision of a felony, 18 U.S.C. § 4, and conveys that it was placed there to make clear that criminal liability may be imposed upon certain individuals even after the primary offense is completed. Under § 3’s accessory after the fact provision, one may be liable for assisting the offender to prevent his apprehension, trial, or punishment. There is nothing in the language of these provisions that suggests that one who commits suph an offense could not also commit a Chapter 73 obstruction of justice offense.

. The elements of § 1503 are:
(1) the existence of a judicial proceeding;
(2) knowledge or notice of the pending proceeding; (3) acting corruptly with the intent of influencing, obstructing, or impeding the proceeding in the due administration of justice; and (4) the action had the natural and probable effect’ of interfering with the due administration of justice.
United States v. Sussman, 709 F.3d 155, 168 (3d Cir. 2013) (citation omitted). Interfering with an investigation conducted by an executive agency, such as the FBI, does not violate the "due administration of justice” clause because those agencies "are not judicial arms of the government 'administering justice.’" United States v. Simmons, 591 F.2d 206, 208 (3d Cir. 1979). Thus, obstruction of an event "distinct from a judicial proceeding such as an investigation independent of the court’s ... authority,” Sussman, 709 F.3d at 169 (citation and internal quotation marks omitted), does not violate § 1503.

. My colleagues characterize this statement in Denis as dictum. Majority Op. 293 n.63. However, in Denis, we held that the New York state evidence tampering statute "related to” § 1503 even though the New York statute could apply in the absence of a pending judicial proceeding. 633 F.3d at 212. Therefore, in Denis, we necessarily held that the absence of a pending judicial proceeding was not dis-positive of the "relating to” analysis. My colleagues suggest that the state crime at issue must nonetheless have a "nexus” to an official proceeding. Majority Op. 293 n.63. In Denis, however, we made no mention of such a nexus requirement. Given the result in Denis, we cannot now conclude that the absence of a judicial proceeding requirement in South Carolina’s accessory after the fact crime necessarily defeats any relationship to § 1503.

. The Legette court described the elements of accessory after the fact as follows "(1) the felony has been completed; (2) the accused must have knowledge that the principal committed the felony; and (3) the accused must harbor or assist the principal felon. The assistance or harboring rendered must be for the purpose of enabling the principal felon to escape detection or arrest.” Legette, 330 S.E.2d at 294 (citations omitted).

. My colleagues criticize this analysis as being overly "abstract” and criticize the Government's approach for improperly "invoking broad notion[s] of obstruction of justice.” Majority Op. 293 n.66 (internal quotation marks omitted). However, this "broad” approach is exactly what is required by the "relating to” analysis set forth in binding precedent. See Denis, 633 F.3d at 212 (explaining that we "apply the phrase 'relating to’ broadly, seeking a logical or causal connection”); Yong Wong Park, 472 F.3d at 72 (noting the "broad reach of the term 'relating to[]' ”); Drakes v. Zimski, 240 F.3d 246, 249 (3d Cir. 2001) (concluding that Congress's inclusion of the phrase “relating to” evidenced “an intent to define [the listed offense] in its broadest sense”); see also Morales, 504 U.S. at 383, 112 S.Ct. 2031 (noting that "[t]he ordinary meaning of [‘relating to’] is a broad one”). My colleagues’ approach reads "relating to” out of the statute.

.Moreover, contrary to my colleagues' interpretation, the United States Sentencing Guidelines support the view that accessory after the fact is logically connected with obstruction of justice. The background portion of the application notes to the obstruction of justice guideline states that
[b]ecause the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense, a cross-reference to § 2X3.1 (Accessory After the Fact) is provided. Use of this cross reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, whether such offense was committed by the defendant or another person.
U.S.S.G. § 2J1.2 cmt. background; see also U.S.S.G. § 2J1.2(c)(l) (stating that "[i]f the *301 offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined” by applying the provisions of § 2J1.2). Thus, while conviction for an offense under Chapter 73 can trigger § 2J1.2, the Sentencing Commission has acknowledged that one who is an accessory after the fact may obstruct justice and, in such circumstances, should be treated as if he or she committed an obstruction of justice offense.